IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ERICA R. BILLS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SHELBY COUNTY GOVERNMENT, )<br>including Shelby County Sheriff's )<br>Department, )<br>)<br>Defendant. )<br>) | No. 2:17-cv-02634-TLP-cgc<br><br>JURY DEMAND |

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS, GRANTING DEFENDANT'S MOTION TO STRIKE, AND GRANTING PLAINTIFF LEAVE TO FILE A THIRD AMENDED COMPLAINT**

Defendant Shelby County Government, including the Shelby County Sheriff's Department, (collectively referred to as "Defendant")[1] moves for dismissal of Count I of Plaintiff Erica R. Bills' ("Plaintiff") Second Amended Complaint (ECF No. 1-9) and to strike its underlying allegations. (ECF No. 7.) Plaintiff responded (ECF No. 13), and this Court has reviewed the parties' filings: the Motion (ECF No. 7), Plaintiff's Response, (ECF No. 13), and Defendant's Reply, (ECF No. 14). For the reasons that follow, the Court GRANTS Defendant's Partial Motion to Dismiss, GRANTS Defendant's Motion to Strike, and GRANTS Plaintiff leave to file a Third Amended Complaint.

---

[1] The correct name for the "Shelby County Sheriff's Department" is the Shelby County Sheriff's Office.

## BACKGROUND

The operative complaint here is the Seconded Amended Complaint ("SAC") filed in the Shelby County Chancery Court, (ECF No. 1-9) and removed here. The SAC alleges two counts of discrimination violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"); Count I alleges sexual harassment, and Count II asserts retaliation. Defendant moves to dismiss the sexual harassment claim because it is time barred by the statute of limitations.

### I. Plaintiff's Sexual Harassment Allegations Based on her Time at the SCSO

For the purposes of ruling on Defendant's Partial Motion to Dismiss, the Court assumes that the following well-pled facts taken from the SAC are true. Plaintiff worked as a temporary clerical specialist at the Shelby County Registrar's Office beginning in 1999. (ECF No. 1-9 at PageID 110.) She became a work full time employee in 2000, and transferred to the Shelby County Sheriff's Arlington Substation in 2007. Plaintiff eventually became a full-time secretary at the Arlington Substation reporting to Captain Newt Schaeffer when he transferred there in 2010. (*Id.*)

Plaintiff alleges that she was "regularly and pervasively sexually harassed and intimidated by Floyd Bonner, Jr., [then] Defendant's Chief of the Arlington Substation" (*id.*), and now Chief Deputy, or second in command, of the Shelby County Sheriff's Office ("SCSO"). Plaintiff alleges Bonner's sexual harassment began in 2012 and continued after she filed a charge with the Equal Employment Opportunity Commission ("EEOC") until Defendant constructively discharged her from the SCSCO on July 29, 2013. (*See* ECF No. 13 at PageID 164.)

Plaintiff claims Defendant constructively discharged her from her job because of Bonner's continued harassment and its "refusal to make reasonable accommodations to provide

Plaintiff a proper workplace and in retaliation against Plaintiff for engaging in protected activity by complaining about Bonner's sexual harassment." (ECF No. 1-9 at PageID 115–16.) Plaintiff returned to the Shelby County Registrar's Office after leaving the SCSO.

## II.     Plaintiff's Retaliation Allegations Based on Her Quality Auditor Application

On September 18, 2015, Plaintiff applied for a Quality Manager position in the SCSO because it paid more and it was more conveniently located to her home. (*Id.* at PageID 116.)[2] She also claims that because she "would have been working in a different division of the [SCSO] and would not have been working directly under Bonner or Schaeffer, Plaintiff believed that she could return to the [SCSO] without having to suffer more sexual harassment, discrimination retaliation, and a hostile work environment." (*Id.*) Plaintiff interviewed for the Quality Manager position with Mitch Dunn, who seemed confident that Defendant would hire Plaintiff for the position resulting in a large salary increase. (*Id.*)

Despite being told that Plaintiff would hear back from Mr. Dunn soon, she did not hear from him again. She learned that she did not get the position on December 11, 2015. (*Id.*) Instead, Defendant hired a less qualified candidate who had never worked at the SCSO. Plaintiff claims Defendant's decision to hire someone else was in retaliation for her first EEOC charge of sexual harassment against the SCSO. She then filed her second EEOC discrimination charge within 180 days of hearing about the employment decision. The EEOC issued a Notice of a Right to Sue to Plaintiff almost a year later. (*Id.* at PageID 117.)

---

[2] Defendant claims that the job title was "Quality Auditor," but the Court finds that the distinction is immaterial.

## III. Procedural History

This case has a long procedural history but it has not progressed very far. Plaintiff received her first Notice of Right to Sue from the EEOC and she timely sued Defendant in this Court with the case caption *Bills v. Shelby County Government, et al*., No. 2:13-cv-02853-STA-cgc (W.D. Tenn. Oct. 30, 2013) (the "2013 Complaint"). In her 2013 Complaint, Plaintiff asserted claims for violating Title VII and the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-301, *et seq.* ("THRA"), based on Bonner's alleged sexual harassment in 2012 and Defendant's retaliation for her EEO activity by essentially sabotaging her at work, inadequately investigating Chief Deputy Bonner's harassment, and not promoting her to a Human Resources Manager position in January 2013. *See* 2013 Compl., *Bills v. Shelby Cnty. Gov't*, No. 2:13-cv-02853, ECF No. 1.

In response, Bonner moved to dismiss the Complaint for Failure to State a Claim. And Defendant moved to dismiss based on improper service of process. *Id.* at ECF Nos. 4, 5. So Plaintiff voluntarily dismissed the 2013 Complaint without prejudice on July 2, 2014. *See id.* at ECF No. 23.

Plaintiff then filed another suit in Shelby County Tennessee Chancery Court on July 31, 2014, with the caption *Bills v. Shelby County Government, including Shelby County Sheriff's Department*, CH-14-1172-3 (Tenn. Ch. Ct. July 31, 2014) (the "State Court Complaint"). Plaintiff asserted many of the same factual allegations as those in the 2013 Complaint, but the 2014 Complaint alleged only state law claims under the THRA and violation of Defendant's Employee Manual. (*See* ECF No. 1-2 at PageID 13–14.) Defendant moved to Dismiss Plaintiff's Complaint as untimely, arguing that the Tennessee Savings Statute, Tenn. Code Ann. § 28-1-105, did not save her claims.

Plaintiff then moved to amend the Complaint in state court to add a breach of contract claim. The Chancery Court entered an Order Dismissing Plaintiff's THRA Claims with prejudice and allowing Plaintiff to amend. (ECF No. 1-5.)[3] Plaintiff technically never filed her Amended Complaint, but moved to amend yet again after the EEOC issued its Notice of Right to Sue for not getting the Quality Manager Position for which she applied in 2015. The Chancery Court entered a Consent Order dismissing Plaintiff's breach of contract claim without prejudice but allowing Plaintiff to file the SAC. (ECF No. 1-9.) Plaintiff filed the SAC, re-asserting the sexual harassment claim that she raised in the 2013 Complaint (Count I), and a claim for retaliation from her 2015 application for the Quality Manager position (Count II).

Defendant removed the SAC to federal court. (ECF Nos. 1, 22.) Defendant moves to dismiss Count I of the SAC as untimely and to strike many factual allegations underlying Count I. In response, Plaintiff argues that her sexual harassment claim in the SAC relates "back to the date of the original complaint wherein the allegations were made against Bonner." (ECF No. 13 at PageID 167.) And she claims the "continuous violation doctrine" for hostile work environment applies so her claims relate back to the original complaint. (*Id.* at PageID 167–71)

## LEGAL STANDARD

I. **Motion to Dismiss**

To address the Motion to Dismiss, the Court begins with Rule 8 of the Federal Rules of Civil Procedure. That rule requires that a complaint contain "a short and plain statement of the claim showing that the plaintiff is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although this standard does not require "detailed factual allegations," it requires more than "labels and

---

[3] The Chancery Court correctly ruled that Plaintiff's THRA claim was time barred because the Tennessee Savings Statute does not apply to governmental entities like Defendant, Shelby County. *See In re AMC Mort. Co. Inc.* 213 F.3d 917, 920–21 (6th Cir. 2000)).

5

conclusions" or "a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the complaint's allegations by arguing the allegations establish no claim for which relief can be granted. And a court considering a motion to dismiss under Rule 12(b)(6) must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DIRECTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Besides, a court need not accept as true legal conclusions or unwarranted factual inferences. *Hananiya v. City of Memphis*, 252 F. Supp. 2d 607, 610 (W.D. Tenn. 2003) (citing *Lewis v. ACB Business Servs., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). The Court does not assume that conclusory statements are true. *Id.* at 678–79. What is more, a motion to dismiss on statute of limitations grounds falls under Rule 12(b)(6) and should be granted "when it is apparent from the face of the complaint that the time limit for bringing the claim has passed." *Hoover v. Langston Equip. Assocs., Inc.*, 958 F.2d 742, 744 (6th Cir. 1992) (quoting 5 CHARLES ALAN WRIGHT & ARTHUR MILLER, FEDERAL PRACTICE & PROCEDURE § 1308 (2d ed. 1990)).

II.     **Motion to Strike**

As for the Motion to Strike, Federal Rule of Civil Procedure Rule 12(f) states that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Scandalous" in Rule 12(f) "generally refers to any allegation that unnecessarily reflects on the moral character of an individual or

states anything in repulsive language that detracts from the dignity of the court." *Llewellyn-Jones v. Metro Prop. Group*, 22 F. Supp. 3d 760 (E.D. Mich. 2014) (citing *Pigford v. Veneman*, 215 F.R.D. 2, 4 (D.D.C. 2003)). One reason for granting a motion to strike is where "the complaint contains immaterial allegations that have no bearing on the subject matter of the litigation." *Id.* (citation omitted).

## ANALYSIS

I.  **Defendant's Partial Motion to Dismiss**

  A.  **Relation Back**

Right out of the gate, there is a timing problem with Plaintiff's claims. She was constructively terminated from her SCSO job on July 29, 2013. Then she sued Defendant timely after receiving a Notice of Right to Sue from the EEOC on August 2, 2013.[4] But she voluntarily dismissed that complaint on July 2, 2014. She then filed the State Court Complaint on July 31, 2014.

Here Plaintiff asserts federal Title VII claims. Title VII requires a plaintiff to file an EEOC charge and one with the applicable state agency before filing a civil action. 42 U.S.C. § 2000e-5(f)(1). A plaintiff must file those charges within 180 or 300 days after the alleged unlawful employment practice occurred. 42 U.S.C. § 2000e-5(e)(1). If the EEOC declines to

---

[4] Plaintiff makes it clear that she filed her first EEOC charge on March 4, 2013 and received a Notice of Right to Sue from the EEOC before the filed the 2013 Complaint on October 30, 2013, (ECF No. 13 at PageID 164), but the SAC does not specify on what date she received the Notice of Right to Sue. Both the 2013 Complaint and Defendant state that Plaintiff received the Notice of Right to Sue on August 2, 2013, *see* 2013 Compl., *Bills v. Shelby Cnty. Gov't*, No. 2:13-cv-02853, ECF No. 1 at PageID 8, and the Court takes judicial notice of this date for the purposes of ruling on Defendant's Partial Motion to Dismiss. A court may generally take judicial notice at the pleadings stage of court filings and other publicly filed disclosure documents. *See Reid ex rel. First Horizon Nat. Corp. v. Baker*, No. 10-2413-STA, 2011 WL 976547, at *3 (W.D. Tenn. Mar. 16, 2011), *aff'd sub nom. Reid v. Baker*, 499 F. App'x 520 (6th Cir. 2012).

7

sue on the plaintiff's behalf, it notifies the plaintiff of his or her right to sue. The plaintiff then has 90 days from the giving of notice to file a lawsuit. 42 U.S.C. § 2000e-5(f)(1).

Plaintiff argues that the Title VII sexual harassment claim in the SAC, based on the same conduct alleged in 2013 Complaint, is not time-barred. She argues it "relat[es] back to the allegations raised in the original complaint" under Federal Rule of Civil Procedure 15(c) and Tennessee Rule of Civil Procedure 15.03.[5] Plaintiff does not specify which "original" complaint, but the Court assumes she is referring to the 2013 Complaint filed in federal court. If so, however, an amended complaint cannot "relate back" to a complaint voluntarily dismissed.

In effect, a voluntary dismissal is as if the plaintiff had never brought the suit in the first place and it does not affect the filing period under Title VII. *See Wilson v. Grumann Ohio Corp.*, 815 F.2d 26, 27 (6th Cir. 1987). In *Wilson*, the Sixth Circuit held that "the filing of a complaint which is later dismissed without prejudice does not toll the statutory filing period of Title VII," and affirmed the district court's dismissal of plaintiff's second complaint filed outside the original 90 day period to bring her Title VII claim. *Id.* at 28. *Wilson* is directly on point here, as Plaintiff received her Notice of Right to Sue for sexual harassment on August 2, 2013.

Although she sued timely in 2013, her voluntary dismissal of that case did not toll the deadline to file the Title VII claim. As a result, her claims for sexual harassment asserted in the 2013 complaint expired because her dismissal in July 2014 was long after the passage of the 90-day filing deadline. Moving forward, any amendments in the SAC only relate back to the state court action filed July 31, 2014 and then removed to federal court. Thus, the Court finds that Rule 15 cannot operate to save Count I of the SAC.

---

[5] Of course, because Plaintiff's Title VII claims arise under federal law, the Court has federal question jurisdiction over this case. So the Federal Rules of Civil Procedure apply. *See* Fed. R. Civ. P. 81(c); *Willy v. Coastal Corp.*, 503 U.S. 131, 134–35 (1992).

B.  **The Continuing Violation Doctrine**

Count I of the SAC alleges that Defendant's acquiescence of Bonner's conduct "constitutes repeated and continuous discrimination, sexual harassment, hostile work environment, and retaliation," and that Defendant's violations of Plaintiff's Title VII protections "were continuous from the time Bonner first began sexually harassing Plaintiff until Plaintiff was denied the Quality Manager position on December 11, 2015." (ECF No. 1-9 at PageID 117–19.) Plaintiff argues that there is a sufficient connection between Bonner's alleged earlier sexual harassment and her not getting the Quality Manager position to justify a claim of a continuing violation.

Even though Mr. Dunn interviewed Plaintiff for the Quality Manager position, Plaintiff argues for a strong inference that Bonner, or those loyal to him, learned of Plaintiff's application and made Mr. Dunn hire the less qualified candidate instead of Plaintiff. (ECF No. 13 at PageID 169–70.)

The continuing violation doctrine tolls a limitations period when an employer's ongoing conduct "represent[s] an ongoing unlawful employment practice." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 107 (2002) (quotation marks and citations omitted). Discrete acts do not trigger the doctrine, but allegations of a hostile work environment or a "longstanding and demonstrable policy of discrimination" may. *Sharpe v. Cureton*, 319 F.3d 259, 268 (6th Cir. 2003) (discussing examples of longstanding policy of discrimination). Discrete acts include "termination, failure to promote, denial of transfer, or refusal to hire" and are easy to identify, as opposed to claims of a hostile work environment, which "are based on the cumulative effect of individual acts" that by themselves may not be actionable. *Morgan*, 536 U.S. at 114–15. One act contributing to the hostile work environment claim must have occurred within the limitations

period.  *Morgan*, 536 U.S. at 117 ("Provided that an act contributing to the claim occurs within the filing period, the entire time of the hostile environment may be considered by a court for the purposes of determining liability."); *Sharpe*, 319 F.3d at 267–68; *Jewell v. Shelby Cnty. Gov't*, No. 13-2048-STA-DKV, 2013 WL 5306102, at *4 (W.D. Tenn. Sept. 20, 2013).

Plaintiff's continuing violation doctrine argument is flawed because it ignores the fact that she left the SCSO on July 29, 2013.  Plaintiff makes no allegation that any sexual harassment or other allegedly unlawful employment practices continued after Plaintiff left the SCSO on July 29, 2013.  *Morgan* also precludes plaintiffs "from establishing a continuing violation exception by proof that the alleged acts of discrimination occurring prior to the limitations period are sufficiently related to those occurring within the limitations period." *See Sharpe*, 319 F.3d at 267–68 (citing *Morgan*, 536 U.S. at 112–13).  Under *Morgan*, an employee seeking redress for "discrete acts of discrimination or retaliation" cannot invoke the continuing violation doctrine "to allow recovery for acts that occurred outside the filing period." *See id.* at 267 (citation omitted).

Applying the reasoning from *Morgan* and *Sharpe* here, Plaintiff's claim under Title VII for retaliating against her by refusing to hire her for the Quality Manager Position is timely.  That said, Plaintiff cannot bootstrap a time barred sexual harassment claim to a discrete act that took place two years after she claims the same employer constructively discharged her.  No matter who made the decision to not hire her, the decision constituted a discrete act that did not suddenly revive a stale sexual harassment claim.  The following hypothetical from *Morgan* is instructive on why the continuing violation doctrine does not apply here:

> The following scenarios illustrate our point: (1) Acts on days 1–400 create a hostile work environment. The employee files the charge on day 401. Can the employee recover for that part of the hostile work environment that occurred in the first 100 days? (2) Acts contribute to a hostile environment on days 1–100 and on day

> 401, but there are no acts between days 101–400. Can the act occurring on day 401 pull the other acts in for the purposes of liability? In truth, all other things being equal, there is little difference between the two scenarios as a hostile environment constitutes one "unlawful employment practice" and it does not matter whether nothing occurred within the intervening 301 days so long as each act is part of the whole. Nor, if sufficient activity occurred by day 100 to make out a claim, does it matter that the employee knows on that day that an actionable claim happened; on day 401 all incidents are still part of the same claim. **On the other hand, if an act on day 401 had no relation to the acts between days 1–100, or for some other reason, such as certain intervening action by the employer, was no longer part of the same hostile environment claim, then the employee cannot recover for the previous acts, at least not by reference to the day 401 act.**

*Morgan*, 536 U.S. at 117–18 (emphasis added). So too here, the Court finds that Mr. Dunn's decision not to hire Plaintiff is a discrete act separate from the alleged behavior of Mr. Bonner which occurred over two years before. The decision to hire someone other than Plaintiff was not a continuation of the "cumulative effect of individual acts" of alleged sexual harassment Plaintiff asserts in Count I of the SAC. And so, the continuing violation doctrine does not revive those sexual harassment claims.

Although the statute of limitations does not bar Plaintiff "from using the prior acts as background evidence in support of" her timely retaliation claim, *see Morgan*, 536 U.S. at 113, it does bar Count I of her Second Amended Complaint. Thus, the Court GRANTS Defendant's Partial Motion to Dismiss, and Count I of the Second Amended Complaint is DISMISSED WITH PREJUDICE.

## II. Defendant's Motion to Strike

Defendant moves to strike Paragraphs 5-22, 36, 38-42, as well as references to harassment in Paragraphs 28 and 37 from the SAC, which detail Plaintiff's allegations of Bonner's sexual harassment and Defendant's alleged mishandling of its investigation into her claims. (*See* ECF No. 1-9.) Defendant argues that because Plaintiff's sexual harassment claim is time-barred, the allegations related to Bonner's alleged conduct are:

11

> (1) scandalous, as they unnecessarily reflect on his moral character, (2) immaterial as they have no essential or important relationship to Plaintiff's claims that she did not receive a Quality manager position, and (3) impertinent, as they do not pertain, and are not necessary, to establish Plaintiff's retaliation claim.

(ECF No. 7-1 at PageID 138–39.) The Court generally agrees with Defendant's Motion because Plaintiff asserts details about her sexual harassment claim that have nothing to do with her retaliation claim. Since her sexual harassment claim is time barred, the Court finds that Plaintiff asserts many details about Bonner's alleged sexual harassment that are neither material nor pertinent to establish the background for her retaliation claim. (*See* SAC, ¶¶ 5–22, ECF No. 1-9 at PageID 110–14.)

But Plaintiff correctly cites *Morgan* for the proposition that while her sexual harassment claim may be time barred, she may still use material or pertinent information from the alleged prior acts as background evidence in support of her retaliation claim. *See Morgan*, 536 U.S. at 113. The Court finds that Plaintiff may assert material background evidence to support her retaliation claim. For example, permissible background information would include (1) that she worked at the Arlington Substation and that Bonner allegedly sexually harassed her, (2) that she filed a charge with the EEOC based on that harassment, (3) that Defendant did not conduct a thorough investigation of her sexual harassment allegations, and (4) that she alleges Defendant constructively discharged her on July 29, 2013. Plaintiff currently asserts far more detail than necessary.

The Court however will not rewrite the Complaint. Instead, the Court GRANTS Defendant's Motion to Strike but also GRANTS Plaintiff leave to file a Third Amended Complaint in accordance with this Order within thirty (30) days of the entry of this Order.

## CONCLUSION

For these reasons, Defendant's Partial Motion to Dismiss and Motion to Strike are GRANTED. Count I of the Second Amended Complaint is DISMISSED WITH PREJUDICE. The Court GRANTS Plaintiff leave to file a Third Amended Complaint in accordance with this Order within thirty (30) days of the entry of this Order.

**SO ORDERED**, this 12th day of July, 2018.

                                          s/ Thomas L. Parker
                                          THOMAS L. PARKER
                                          UNITED STATES DISTRICT JUDGE